UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTHONY HART,

    Defendant.

Case No. 3:21-cr-126

District Judge Michael J. Newman

**ORDER DENYING DEFENDANT'S PRO SE MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE (Doc. No. 45)**

Defendant is currently serving a three-year term of supervised release. Doc. No. 40. This case is before the Court upon Defendant's pro se letter (Doc. No. 45), which the Court liberally construes in his favor, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), as his second pro se motion for early termination of his supervised release. The Court previously denied his first pro se motion for early termination of supervised release. Doc. No. 44.

**I.**

Defendant began serving his term of supervised release on October 6, 2023. Doc. No. 43 at PageID 193. Consequently, he has been on supervised release for 2 years and almost 2 months without any reported violation of the conditions of his release. Defendant previously filed a copy of a report, dated January 14, 2025, written by his Probation Officer revealing he did not object to the early termination of Defendant's supervised release. Doc. No. 43 at PageID 194.

Defendant now seeks an early termination of supervised release so he can seek better job opportunities that will benefit himself and his family. Doc. No. 45. He is also caring for his elderly mother and is a hands-on father and a supportive husband. *Id*.

## II.

The Court may terminate a term of supervised release after a defendant serves one year and "such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The Court likewise considers the familiar sentencing factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7). *Id*.

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). This strict test is necessary because supervised release is primarily designed to benefit defendants by creating structure and support in their lives and, in doing so, helping them overcome the many challenges and obligations of everyday life outside of prison. *Cf. United States v. Johnson*, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."); *United States v. Doyle*, 711 F.3d 729, 737 (6th Cir. 2013) (same). Supervised release provides defendants with the assistance of United States Probation Officers, who are highly trained experts in assisting defendants make the successful transition to non-prison life. Early termination of supervised release carries the risk of depriving a defendant of these benefits and interfering with the progress a defendant has made while on supervised release.

## III.

Having reviewed the record in this case, and liberally construing Defendant's pro se motion in his favor, *see Erickson,* 551 U.S. at 94, multiple facts reflect well on him including his desire to find better employment to benefit his family; his ongoing efforts to care for his family members; the absence in the record of any reported violation of his supervised-release conditions; and his

Probation Officer's previous decision not to object to an early termination of his supervised release. *See* Doc. No. 43 at PageID 194; Doc. Nos. 44-45. The Court again commends Defendant for his ongoing compliance with the conditions of his supervised release and the positive steps he has taken away from criminal activity and towards bettering his own life, and the lives of his family members, while on supervision. *See* Doc. No. 44. at PageID 195.

However, the test for securing an early termination of supervised release is strict. *See supra* § II. The Court finds—pursuant to § 3583(e)(1) and the applicable § 3553(a) factors—that although Defendant has made meaningful progress in transitioning to life outside of prison, his request for an early termination of supervised release should not be granted at this time. *See Atkin*, 38 F. App'x at 198; *see also United States v. Bey*, No. 23-1485, 2023 WL 8043044, at *2 (6th Cir. Nov. 16, 2023); *cf. United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (A district court need only "give some indication that it has considered the statutory factors in reviewing a motion for early termination of supervised release," rather than make explicit findings under those factors); *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) ("[A] statement that [the district judge] has considered the statutory factors is sufficient.") (quotation marks omitted).

### IV.

Accordingly, Defendant's pro se motion for early termination of supervised release is **DENIED**. The Court encourages Defendant to continue with the positive steps he has taken in his life, as these will doubtlessly benefit him, his family, and his community in the present and future.

**IT IS SO ORDERED.**

November 24, 2025                    s/*Michael J. Newman*
                                                            Hon. Michael J. Newman
                                                            United States District Judge

cc:    United States Probation Office
        Dayton, Ohio 45402